UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CAROL MURPHY, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) 1:12-cv-00101-JAW |
| | ) |
| CORIZON, et al., | ) |
| | ) |
|     Defendants | ) |

**ORDER ON MOTION FOR RECUSAL & TO TRANSFER VENUE**

On April 30, 2012, Carol Murphy filed a motion seeking the recusal of Chief Judge Woodcock and myself. She also requested that the matter be transferred to the "U S District Court Tennessee." This Order addresses only the last two of Murphy's requests, my recusal and the transfer of the case to Tennessee. I now deny both requests.

Ms. Murphy previously litigated matters in this Court and previously expressed her displeasure with the judges now assigned to this current case. See In re Murphy, 598 F. Supp. 2d 121 (D. Me. 2009) (issuing a Cok order barring further litigation arising from the "case" involving animal abuse and noting plaintiff's demands that Chief Judge Woodcock and I recuse ourselves from handling matters assigned to us involving her because we had issued rulings unfavorable to her). In Murphy v. State of Maine, *et al.*, No. 1:06-cv-00062-JAW, I encountered a similar motion to recuse filed by Murphy during the early stages of litigation and I denied her motion citing In re United States, 441 F.3d 44, 67 (1st Cir. 2006) ("For our part, an appellate court has no wish to encourage strategic moves by a disgruntled party to remove a judge whose rulings the party dislikes."). (Doc. No. 71 (Order dated August 23, 2006).) Although Murphy's litigation history from August 2006 forward reveals a continuing pattern of vexatious motions and frivolous attempts to prevent my participation in any case involving her, the six year

longitudinal record establishes that every judge who becomes seriously involved in litigation commenced by her becomes the subject of either a recusal motion or a new civil lawsuit in which the judge is named as a defendant. I have no valid legal reason to recuse myself from cases involving Murphy that have been assigned to me and I refuse to allow Murphy's recusal tactics to drive this litigation. I now deny her motion to the extent she requests my recusal.

Turning to the actual case now before the Court, Murphy has sued prison health care providers and state correctional officers over what she claims is a deliberate denial of medical care to meet her serious medical needs involving a back condition, dental care, and exposure to lethal diseases. Murphy filed her sixty-eight page complaint in the Eastern District of Tennessee even though she is incarcerated at the Maine Correctional Center in Windham, Maine. Apparently Murphy chose the Tennessee forum because Brentwood, Tennessee is identified by her as the corporate headquarters of the defendant, Corizon. The federal district court in Tennessee granted Murphy *in forma pauperis* status and *sua sponte* ordered the case transferred to the District of Maine.

Once the case arrived in this Court, the clerk referred the matter to me for preliminary screening as required by 28 U.S.C. § 1915A, District of Maine Local Rule 72(d), ¶ 2, and the prior injunctive order entered by Chief Judge Woodcock in In re Murphy, 598 F. Supp. 2d at 125. I concluded that the current litigation did not fall within the ambit of the prior injunctive order and that Murphy should be allowed to proceed in this Court with her prison conditions litigation. I then reviewed the complaint pursuant to the obligation set forth in 28 U.S.C. § 1915A. It was apparent to me that some of the ten defendants named in her complaint would be subject to a screening order summarily dismissing them from the litigation, but that issuing a recommended decision now as to part of the case would be neither efficient nor cost effective,

because arguably Murphy had stated a deliberate indifference claim against some of the medical providers at the prison.[1]  Based on the recusal motion, Murphy has taken great umbrage at my order *allowing her to proceed with this litigation.*  In my view it is quite ironic that my Murphy-favorable rulings have provoked a motion for recusal.  If unfavorable rulings are not a basis for a judge's recusal, it seems unlikely that favorable ones would be.

In any event, Murphy now wants this matter transferred back to Tennessee based upon her distaste for Maine judges.  The Tennessee Court correctly exercised its independent judgment and determined that Maine was the appropriate venue for this case.  There is no legal basis for this Court to send this litigation back to a federal district court in Tennessee and Murphy's request to the contrary is yet another example of her obstructionist tactics and attempts to squander judicial resources on unnecessary issues that do not further her legitimate claims, if indeed her underlying litigation is supported by facts sufficient to support a legitimate claim.  This Court takes seriously its obligation to protect the constitutional rights of prisoners as required by law, and Murphy's prisoner litigation will be processed accordingly.  It will not, however, be transferred back to Tennessee.  The motion to transfer is denied.

CERTIFICATE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

*So Ordered.*
May 2, 2012                           /s/ Margaret J. Kravchuk
                                      U.S. Magistrate Judge

---

[1]    I had in mind, for instance, the obvious fact the Maine Department of Corrections will not survive as a defendant no matter what allegations develop in the case because suing the Department is equivalent to suing the state in federal court and sovereign immunity will bar entry of judgment against a department of the state under 42 U.S.C. § 1983.  If I had Article III authority I would *sua sponte* terminate the Department of Corrections and the Commissioner in his official capacity (and individual capacity, for that matter, based on the allegations pertaining to him) in order to clean up the docket.  Writing a recommended decision to that effect at this juncture would simply result in even more docket entries.