UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| CAROL MURPHY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:12-cv-00101-JAW |
| | ) | |
| CORIZON, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION FOR PERMANENT INJUNCTION
AND FOR ORAL ARGUMENT**

On March 23, 2012, Carol Murphy, who is incarcerated in the Maine State Prison System, filed suit in federal court against a number of Defendants affiliated with the Maine Department of Corrections, alleging multiple violations of her civil rights.[1] *Compl.* (ECF No. 2). The case was randomly assigned to Magistrate Judge Kravchuk and to me. Ms. Murphy was not pleased.

This lawsuit is not my first encounter with Ms. Murphy. From 2006 to 2009, she inundated the Court with seven civil actions and filed two in the United States Court of Claims, all about her rancorous dispute with the state of Maine about its charges that she had been cruel to her animals. *See In re Murphy*, 598 F. Supp. 2d 121, 121-22 (D. Me. 2009). Throughout her prior litigation, Ms. Murphy had a tendency to resent any judicial ruling contrary to her position and, on a number of instances, she sued the judges who ruled against her. *Id.* Finally, I issued a *Cok* Order, putting a stop to her "frivolous, prolix, and contentious nonsense," *id.* at 122,

---

[1] Ms. Murphy originally filed suit in federal court in Tennessee, but that Court quickly transferred the case to the District of Maine. *Transfer Order* (ECF No. 4).

and formally enjoined Ms. Murphy from filing any actions in the District of Maine concerning her dispute with the state of Maine regarding animals, *id.* at 125. While her civil actions were pending in the District of Maine, Ms. Murphy filed three civil actions in the District of New Hampshire, which the District Court there termed "an ill-conceived quest to sue anyone and everyone whom she fancies to have been even remotely connected to either her past criminal conviction for animal cruelty or her ongoing claims to ownership or possession of various animals." *See Murphy v. State of Maine*, No. 09-cv-39-SJM, 09-cv-56-SJM, 09-cv-61-SJM, 2009 U.S. Dist. LEXIS 60123, at *1 (D.N.H. July 10, 2009).

On December 21, 2009, she filed a petition for a writ of *habeas corpus* in the District of Maine under 28 U.S.C. § 2254. *Murphy v. State of Maine*, No. 09-cv-634-JAW, *Petition for Writ of Habeas Corpus* (ECF No. 1). On February 12, 2010, the Magistrate Judge recommended dismissal of the petition and on March 4, 2010, I affirmed this recommendation. *Murphy v. State of Maine*, No. 09-cv-634-JAW, 2010 U.S. Dist. LEXIS 19758 (D. Me. Feb. 12, 2010), *aff'd* 2010 U.S. Dist. LEXIS 19757 (D. Me. Mar. 4, 2010).

In light of her string of disappointments in cases over which Magistrate Judge Kravchuk and I have presided, Ms. Murphy has waged a determined effort to force Magistrate Judge Kravchuk and me off this case and have the matter assigned to another judge. She says that if there is no unbiased judge in the District of Maine, she wants the case sent back to Tennessee where she initiated it. On April 30, 2012, she filed a motion to recuse both judges and on May 2, 2012, Magistrate

Judge Kravchuk denied both the motion to recuse as to herself and the motion for transfer of venue and I denied the motion to recuse as to me. *Murphy v. Corizon*, No. 1:12-cv-101-JAW, *Mot. for Removal of Judge Woodcock and Magistrate Judge Kravchuk* (ECF No. 11); *Order on Mot. for Recusal & to Transfer Venue* (ECF No. 12); *Order Denying Mot. to Recuse* (ECF No. 13) (*Order*).

Ms. Murphy was not satisfied. On May 11, 2012, she moved for reconsideration. *Pl. Requires Ct. Clarification/Recons.* (ECF No. 16). Magistrate Judge Kravchuk denied this motion on May 14, 2012 and I followed suit the same day. *Orders Denying Mot. for Clarification and Mot. for Recons.* (ECF Nos. 17, 18).

Undeterred, Ms. Murphy now moves for a permanent injunction, essentially for the same reasons she had moved for recusal, except this time in the form of a demand for permanent injunction. *Permanent Inj. Sought* (ECF No. 26). Despite her strident and accusatory language, nothing has changed from the time of Ms. Murphy's earlier motion to recuse. As I explained on May 2, 2012, the fact that a litigant has previously sued a judge is not generally a proper ground for recusal because disgruntled litigants—precisely like Carol Murphy—could use the threat or fact of judicial suit to engage in judge-shopping and to attempt to punish judges who rule against her. *Order* at 2-3. As before, Ms. Murphy has not alleged any extra-judicial sources of her allegations of judicial bias and there is none. *Id.*

There is no need to say anything further. Reframing in a motion for permanent injunction the same arguments rejected in a motion to recuse does not alter the merits of the motion. I DENY the Plaintiff's Motion for Permanent

3

Injunction (ECF No. 26).  I also deny Ms. Murphy's request for oral argument.  Ms. Murphy's motion for permanent injunction is plainly non-meritorious and I conclude that there is nothing to be gained by allowing Ms. Murphy to vent these same accusations against Magistrate Judge Kravchuk and me in open court.

    SO ORDERED.

                                    /s/ John A. Woodcock, Jr.
                                    JOHN A. WOODCOCK, JR.
                                    CHIEF UNITED STATES DISTRICT JUDGE

Dated this 26th day of July, 2012