UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CAROL MURPHY, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )   1:12-cv-00101-JAW |
| | ) |
| CORIZON, et al., | ) |
| | ) |
|     Defendants | ) |

**RECOMMENDED DECISION**

    Carol Murphy has filed a pleading entitled "Motion for Order for Court Intervention Motion for Sanctions." (ECF No. 48.) The motion seeks a court order directed against the medical defendants in this prisoner civil rights action and asks the Court to prevent the defendants from following a particular course of action related to allergy treatment and/or diagnosis. Murphy does not provide any legal authority in support of the specific relief she seeks. The defendants' response suggests the motion be characterized as a motion for preliminary injunction and they have argued the motion in that context. (ECF No. 51.) Murphy did not reply or object to the suggestion that the motion be treated as a motion for preliminary injunction. Relying upon the parties' respective positions, I now recommend that the court treat the motion as one for preliminary injunctive relief and deny the request.

**BACKGROUND**

    In this motion for court intervention, dated September 28, 2012, and filed with this Court on October 3, 2012, Carol Murphy complains that her allergy medications have been suspended for a month. Murphy reiterates her earlier expressed concern that her allergies, if left untreated, could lead to asthma. According to Murphy, there is no sound medical reason for the defendants to conduct this experiment of a "medicine holiday." Apparently the medication in question is

called "sudaphed" and according to Murphy it works well to control her allergies.  This Court had received Murphy's current motion when I issued my recommendation on the Corizon Defendants' motion to dismiss and although the motion was not yet ripe for decision, I did make the following observations to the effect that Murphy has failed to state a claim in regard to her underlying allergy/asthma treatment claims:

> Plaintiff alleges that she is allergic to the standard prison diet and that she has experienced hunger and other problems, including weight loss, as a consequence of resorting to a liquid diet of Ensure, without any other alternative being available.  Plaintiff alleges that she would consume food that she is allergic to, but that she would require an allergy medication (Sudafed) to address allergy symptoms, something that Defendants have refused to prescribe.  Plaintiff says that she is unable to obtain her medical records related to this condition to substantiate her position and that Defendants have refused to conduct an allergy test.
>
> Plaintiff's most recent supplementation [the motion now under consideration] simply reduces the relative clarity of Plaintiff's allegations.  It appears she has, in fact, been receiving allergy medication and that her claim in this regard is on par with a dispute over the preferred method of treatment rather than with deliberate indifference to a serious medical need.  Plaintiff fails to state a claim because she has not described a serious medical need.  Not all food allergies are severe. Many people live with chronic allergy symptoms.  Nothing suggests that Plaintiff would suffer serious or extreme symptoms from eating the standard prison diet and taking whatever allergy medication has been prescribed to her.  Furthermore, Dr. Stockwell's request to observe Plaintiff's reaction to the standard prison food, for purposes of diagnosis and possible treatment, did not amount to an unreasonable failure to treat and therefore does not rise to the level of deliberate indifference to a serious medical need nor does the trial period of a "medicine holiday" suggest deliberate indifference to a serious medical need.  In fact, it suggests the medical defendants have engaged with Murphy on the issue of food allergies and are attempting to find a reasonable accommodation through a trial and error process.
>
> > 7. Asthma Treatment
>
> Asthma, like food allergies, can be mild or severe.  As with Plaintiff's allegations pertaining to food allergies, Plaintiff fails to give any indication that her asthma presents a serious or extreme health risk.  She therefore fails to state a claim.

Recommended Decision (ECF No. 52) at 16-17.

**DISCUSSION**

In evaluating a motion for preliminary injunction, courts apply a four-part inquiry. Dobson v. Dunlap, 576 F. Supp. 2d 181, 188 (D. Me. 2008). Specifically, the party moving for injunctive relief, in order to succeed, must establish that: (1) there is a substantial likelihood of success on the merits; (2) there is a significant risk of irreparable harm if the injunction is withheld; (3) the harm Plaintiff will suffer outweighs any harm to [the defendant] that would be caused by injunctive relief; and (4) the effect on the public interest weighs in its favor. Id. Courts and commentators caution that "a preliminary injunction 'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" Id. (quoting Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quoting 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, pp. 129-130 (2d ed. 1995)).

I have previously expressed my view regarding the likelihood of success on the merits regarding this food allergy/asthma claim in the pending recommended decision. I was aware of Murphy's dispute about the "medicine holiday" at the time I made that recommendation. There is nothing in this motion that causes me to change my view. The nature of the "asthma" claim remains unclear, whether Murphy is alleging that she has a serious asthma condition or is alleging that failure to give her the medication she wants could cause her to develop asthma. In any event, she has not described any serious medical consequence related to her allergies or her asthma such as hospitalization or the necessity for emergency medical care. In my view it remains a dispute between Murphy and the health care providers over the appropriate course of treatment, not a constitutional claim of deliberate indifference to a serious medical need.

## Conclusion

Based upon the foregoing, I recommend the Court deny the motion for preliminary injunction.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

November 16, 2012              /s/ Margaret J. Kravchuk
                               U.S. Magistrate Judge