UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CAROL MURPHY, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )   1:12-cv-00101-JAW |
| | ) |
| CORIZON, et al., | ) |
| | ) |
|     Defendant | ) |

**ORDER**

Currently pending in this case are two non-dispositive discovery related disputes. Murphy, until recently, was an incarcerated pro se plaintiff, and therefore telephone discovery conferences in accordance with Local Rule 26(b) were not a particularly viable option for settling discovery disputes. Accordingly, in response to the defendants' written notice of a discovery dispute regarding Murphy's medical records (ECF No. 66), I issued an Order to Show Cause to Murphy, requiring her to explain her position in writing. (ECF No. 67.) Murphy has now responded to the Order. Additionally, she has filed a motion to compel defendants to produce discovery (ECF No. 69) and defendants have responded to that motion indicating that the parties are at an impasse over production of documents because of the lack of agreement regarding the terms of a confidentiality order. This Order addresses both of the pending motions.

*The Order to Show Cause*

The only remaining allegations in this case relate to Murphy's claims of deliberately indifferent medical and dental treatment she has received while incarcerated at Maine Correctional Center. The ability to obtain, review and utilize mental and dental records for either a dispositive motion or trial is essential to the ultimate resolution of this dispute. Given Murphy's response to the show cause order, the dispute is narrowly focused on Murphy's pre-

incarceration medical and dental records which defendants seek in order to determine the extent of her medical conditions prior to incarceration.  In failing to sign releases for those records, Murphy claims they are irrelevant, citing Watson v. Caton, 984 F.2d 537 (1st Cir. 1993), in which the First Circuit held that pre-incarceration injuries must be treated to the same extent as injuries occurring while incarcerated.

Watson had nothing to do with a discovery dispute over the production of pre-incarceration medical records.  In fact, if Watson stands for anything in respect to this case, it would be for the proposition that those medical records might contain relevant evidence in support of a claim or a defense.  Therefore, I will order as follows:  Murphy is to execute the requested medical releases by June 24, 2013, failing which I will order that the following sanctions be imposed:

1.) Defendants are allowed to use all medical and dental records generated during Murphy's incarceration which are currently in their possession in support of a dispositive motion or at trial, without regard to issues of confidentiality or privilege, given that Murphy has indicated her verbal and written assent to the use of those records.  If Murphy does not sign the necessary forms to allow the Department of Corrections to turn them over to Corizon defendants, these defendants may request a conference with the court and counsel for the Department to determine what sort of court order would be required in the absence of a signed document from Murphy conforming to the accepted practice;

2.) Murphy is barred from presenting any affirmative evidence, either medical or dental records or through her own testimony, either in opposition to a dispositive motion or at trial, about the nature of any pre-existing medical or dental conditions;  her testimony and this case will be limited to her description of what the defendants did or did not do for her while she was incarcerated and any assessment of "deliberate indifference" will be based solely on the medical and dental records maintained by defendants, coupled with Murphy's testimony limited to post-incarceration events, without regard to her opinion of her medical and dental needs and conditions prior to incarceration.

I caution Murphy in the strongest possible terms that if she wants to present a viable case that the defendants failed to attend to a serious medical need that existed prior to her incarceration, she

must sign the medical releases by June 24, 2013, or it is likely that she will have no viable evidence to present in opposition to the defendants' anticipated summary judgment motion.

*The Motion to Compel*

The motion to compel is denied. The defendants are given leave to file a motion for confidentiality order that conforms to the form order contained in the appendix to the Local Rules.

I will explain briefly the genesis of this discovery dispute and the reasons for my ruling. As best I can understand, Murphy served discovery requests on the defendants sometime during the second or third week in January 2013. The defendants responded by requesting Murphy review and execute a proposed confidentiality order that conformed to the Local Rules. Murphy never responded directly to their request, but has indicated to the court that as a Maine taxpayer she takes umbrage at their request for a confidentiality order because the documents she has requested by way of discovery are public documents that she could obtain from state or federal officials under FOIA or a similar provision. (ECF No. 76.) My suspicion is that Murphy did not carefully review the proposed confidentiality order. Had she done so she would see that if the defendants overly designate documents as confidential when they are in fact a matter of public record, there is a mechanism for her to file an objection with the court and obtain a court ruling as to whether or not the document is a public document that need not be filed under seal. The confidentiality order would also serve to protect her medical records, and potentially medical records of third parties, which might, in part at least, be entitled to confidential status. The point is, the confidentiality order is to expedite discovery between the parties and does not control whether or not the documents will be sealed when filed with the court. It is a common mechanism to enable the free flow of information between the parties, some of which may never

find its way into the court record and will be destroyed by the parties at the conclusion of the case in accordance with the order. Murphy's objections to a confidentiality order are overruled.

The defendants also note that they have responded to Murphy's discovery requests and have objected to many of them on the grounds of relevance. As they correctly state in their objection, the parties have not conferred and therefore a specific issue has not been brought to the court for resolution. Now that Murphy is no longer incarcerated, she should be able to confer freely with the defendants' counsel and if they are unable to resolve their differences, the normal request for a discovery telephone conference with a judicial officer can be made. Until such time as Murphy's overly broad requests have been narrowed by agreement of the parties or by court order and until such time as an appropriate confidentiality order is in place, I decline to enter an order compelling the defendants to further respond to the discovery request.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

*So Ordered.*
June 13, 2013            /s/ Margaret J. Kravchuk
                         U.S. Magistrate Judge